CONSERVATIVE LIFE INSURANCE COMPANY, APPELLEE, V. JAMES A. BOYCE ET AL., APPELLANTS.

FILED OCTOBER 17, 1913.   No. 17,331.

Fraudulent Conveyances: HUSBAND AND WIFE: EVIDENCE. The evidence, the substance of which is stated in the opinion, is examined, and *held* not to support the charge of fraud or conspiracy between husband and wife for the purpose of defrauding creditors of the husband.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Reversed and dismissed.*

*Hollister & Cunningham* and *C. W. Britt,* for appellants.

*Richard S. Horton* and *Gerald M. Drew, contra.*

REESE, C. J.

This action is in the nature of a creditors' bill instituted in the district court for Douglas county by plaintiff against the above named defendants. It is alleged in the petition that the defendants Boyce are husband and wife, and that the banks named are banking corporations, duly organized, etc., in the city of Omaha; that on the 8th day of August, 1905, the plaintiff recovered a judgment in the county court of Douglas county against James A. Boyce and William F. Porter for the sum of $789.15 principal, and the costs taxed therein at $18; that the judgment was duly transcripted to the district court of that county, and execution issued thereon, the same being returned unsatisfied; that

the defendant James A. Boyce, with intent to defraud his creditors, and especially the plaintiff, and preventing it from collecting its judgment, has deposited in the First National Bank of Omaha the sum of $1,500 in the name of his wife, Ethel K. Boyce, and has deposited in the Corn Exchange National Bank of Omaha in her name a sum of money, the amount of which is unknown to plaintiff; that the said Ethel K. Boyce has no interest in said funds or either of them; that the said James A. Boyce, for the purpose of defrauding plaintiff, and his creditors, has purchased certain real estate, and has placed the legal title to said property in the name of his wife, Ethel K. Boyce; that the said James A. Boyce and Ethel K. Boyce have conspired together for the purpose of defrauding their creditors, and, in pursuance of such intent, have placed in the name of defendant Ethel K. Boyce title to the following described real estate (from the confused condition of record, it will be impossible to state descriptions with precision) : Lot 13, block 5; west 10 feet of the north $\frac{1}{2}$ of lot 15, block 2; north $\frac{1}{2}$ of lot 16, block 2; east 55 feet of the north 140 feet of lot 10, block 5; west 35 (75?) feet of the north 150 feet of lot 10, block 5; west 52 feet of the north 140 feet of lot 9, block 5; east 55 feet of the north 140 feet of lot 10, block 5 (this seems to be a repetition) ; east 80 feet of the north 150 feet of lot 11, block 5; all in Park Place addition to the city of Omaha, Douglas county, Nebraska; and the west 50 feet of the north $\frac{1}{2}$ of lot 7, block 2, Orchard Hill addition to the city of Omaha; that the said James A. Boyce paid for all of said property and is the owner thereof, and the title thereto has been placed in the name of Ethel K. Boyce for the purpose of defrauding plaintiff and other creditors; that the title was so placed in Ethel K. Boyce's name after the recovery of plaintiff's judgment, with the fraudulent intent above named. The prayer of the petition is that the money on deposit in the two banks be declared to be the money of James A. Boyce, and that the banks be enjoined from paying the same out upon the checks of Ethel K. Boyce. A decree is also asked

that all the real estate, above described, be declared to be the property of James A. Boyce; that Ethel K. Boyce has no interest, right or title therein; and that it may be ordered sold for the payment of plaintiff's judgment.

To this petition the defendant James A. Boyce made answer consisting (1) of a general denial; and (2) that plaintiff is not the real party in interest, it having sold and transferred the judgment to another, whose name is given; but, as we find no evidence upon this averment, it need not be further noticed. The separate answer of Ethel K. Boyce is to the same effect, but with the further averment that plaintiff has become extinct, its charter surrendered and canceled, and its business being since closed. No other pleadings are shown by the transcript.

The cause was tried to the court, which resulted in findings and decree to the effect that a judgment was recovered in favor of plaintiff and against James A. Boyce; that plaintiff filed its transcript and caused execution to be issued, the same being returned unsatisfied as alleged, and that the amount due was as alleged; that in September, 1903, and after the indebtedness upon which the judgment was obtained had accrued, James A. Boyce "gave to his wife, Ethel K. Boyce," the sum of $1,000, and that the same was so given for the purpose of defrauding plaintiff and to prevent it from collecting its judgment, and the same was so received by the said Ethel K. Boyce; "that when the said defendant James A. Boyce gave said sum of money to his wife, Ethel K. Boyce, the said defendant James A. Boyce was unable to pay his debts and was indebted to this plaintiff and to others, and that this plaintiff was defrauded thereby and prevented from collecting its judgment, that the said gift is void and made in fraud of the rights of this plaintiff;" that defendants James A. Boyce and Ethel K. Boyce were copartners in the profits derived from certain transactions on the board of trade made by James A. Boyce with the funds of defendant Ethel K. Boyce; that said profits were invested by James A. Boyce and Ethel K. Boyce in the west 50 feet of the

north ½ of lot 7, in block 2, Orchard Hill addition to the city of Omaha, the east 55 feet of the north 140 feet of lot 10, block 5, and the east 80 feet of the north 150 feet of lot 11, block 5, in Park Place addition to the city of Omaha, the title to which was taken in the name of Ethel K. Boyce, and the said James A. Boyce has an undivided interest therein, and which is subject to the payment of plaintiff's judgment, and the judgment is a lien upon said half interest. It is further found that the gift of $1,000 given by James A. Boyce to his wife in September, 1903, was invested by her in the east 55 feet of the north 140 feet of lot 10, block 5, the west 75 feet of the north 150 feet of lot 10, block 5, the west 52 feet of the north 140 feet of lot 9, block 5, the east 80 feet of the north 150 feet of lot 11, block 5, and the north ½ of lot 13, block 5, all in Park Place addition to the city of Omaha, and the title taken in her name, and that a trust in the sum of $1,000 should be impressed upon said real estate in favor of plaintiff, and a lien thereon to the extent of the said sum of $1,000; that all the other real and personal property of Ethel K. Boyce or in her name of record affected by this suit is not liable for the payment of said judgment, or any part thereof, and is not liable for the payment of any debt or obligation of the said James A. Boyce. The findings were in favor of the two banks. A decree was entered in accordance with the foregoing findings, and the sheriff was ordered to proceed to sell the one-half interest in what is declared to be the partnership property, and should that fail to sell for sufficient to pay plaintiff's judgment, with interest and costs, and the costs of this action, he may sell such portion of the real estate held liable as may be necessary to pay the remainder thereof, not to exceed the sum of $1,000. The usual order for the sale of the property was entered. Defendants James A. Boyce and Ethel K. Boyce appeal.

We have read with care, not only the abstract and briefs in this case, but all the pleadings and evidence preserved in the transcript and bill of exceptions. The evidence gives

a full history of the course of business pursued by the defendants since their marriage in 1890, and in which it appears that at the time of their marriage Mrs. Boyce was possessed of about $800 in money, which, by payments by her mother soon thereafter, amounted to about $1,000, which she kept separate and apart from her husband's business, handling and investing it as she saw fit; that at the time of their marriage Mr. Boyce was the proprietor of a normal school at Princeton, Indiana, and she, in her own right, took charge of a dormitory or large rooming and boarding house, which she conducted for about four years, and during which time she ran a book, music and stationery store, and at the end of which time she had accumulated, in addition to her former means, the sum of about $4,000, which she retained as her own, and out of which she loaned some $2,000. At the end of this time Mr. Boyce disposed of his school, and they later went to Arkansas where, he was employed in charge of another school, where they remained some time; Mr. Boyce receiving a salary of $2,500 a year for his services. During this time Mrs. Boyce's health was not good, and Mr. Boyce suffered an illness of typhoid fever, and they soon thereafter came to Nebraska, settling temporarily at Nebraska City, Mr. Boyce's health not being good, and he was earning little or nothing for a long time. They afterwards went to Kearney, where they resided for a time, and then came to Omaha, where they still reside. The long continued indisposition of Mr. Boyce and his inability to earn the means of a livelihood for the family made inroads on the capital of Mrs. Boyce, although this is not shown with particularity. He later earned money by promoting local enterprises in Auburn, Hastings and St. Paul, for which he received about $3,000, and out of which he paid his wife $1,500. After settling in Omaha he promoted what is called a "brick deal," his commission amounting to about $3,800, and out of which he paid his wife $1,000, making a total of $2,500 paid to her. This subject was not as clearly explained as it should have been, but it clearly

appears that he had made use of a part of her money in advancing his business, and, in connection with her expenditures in the maintenance of the family expenses, it is apparent that he did not overpay what he justly owed her. Counsel treated these payments as "gifts," which they clearly were not.   Mrs. Boyce had the absolute right to receive and he to return the money she had expended in his assistance and the maintenance of the family.

After they settled in Omaha Mrs. Boyce, desiring to engage in business on her own account, obtained a commission business, which, with her means, she maintained for some time, but which proved not to be profitable.   In order to secure the use of a wire between her office and her correspondent in St. Louis, she deposited of her own funds the sum of $5,000, which remained on deposit as long as she retained the use of the wire, upon relinquishing of which she drew down the deposit and commenced the purchase of real estate in the city.   Out of her funds·she repaid principally all persons who had made deposits with her.   It would extend the opinion to an unnecessary length to give in detail all the items of business and expenses as contained in the bill of exceptions.   It must be sufficient to say that the evidence clearly establishes the facts that she maintained the business, meeting expenses with her own checks, and allowing her husband 25 per cent. of the profits for his services in managing the business under her control, he being responsible for none of the losses.   If no profits were made he received no compensation.   She kept her funds deposited in the banks in her own name, and out of which she met expenses.   There was no partnership relation existing between them.   While in this service he occasionally made ventures on the board of trade, at one time buying a quantity of pork, and out of which he made a handsome profit.   In doing so he took from his wife's funds, but without her knowledge or consent, the sum of $100, which he almost immediately returned.   He seems to have bet heavily on a pending election and made a gain of $3,000.   He purchased a $5,000 automobile, which he

used for some time in the city and then sold. In none of these deals did his wife participate or have any interest. It is very clear that there is no evidence of the existence of a partnership between the two in any of the transactions described, and, hence, the findings of the court that such partnership existed, and that thereby the plaintiff was entitled to a half interest in the property, described in the findings to be sold by the sheriff, cannot be sustained.

Mrs. Boyce appears to be a practical and successful manager of her own affairs, although not always successful in her enterprises. Knowing the failings of her husband in financial matters, she has aimed to keep her individual property out of his hands as much as circumstances would permit. The husband is under both a legal and moral obligation to pay his debts to his wife as to any other creditor. It is apparent that he has refunded to her no more than he has used of her means. It was his duty so to do and it was her right to receive. We are unable to detect convincing proof of fraud in her dealings either with her husband or with others. The statute requires this court to decide the case as if the court of first instance, uninfluenced by the decision of the district court. We are unable to view the case as seen by the learned trial judge.

The decree of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.


ROSE, SEDGWICK and HAMER, JJ., not sitting.